UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

SAMANTHA PIEL,                          )
          Plaintiff,                   )
                             )
      vs.                                )        1:07-cv-166-LJM-DML
                             )
KOKOMO AUTO WORLD, INC.,                 )
          Defendant.                   )

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's, Kokomo Auto World ("KAW" or "Defendant"),  Motion for Summary Judgment.  Plaintiff, Samantha Piel ("Plaintiff"), alleges that Defendant unlawfully retaliated against her in response to her complaints of sexual harassment and that Defendant has unlawfully withheld wages that are due and owing to Plaintiff.  Defendant requests Summary Judgment on two grounds: (1) Plaintiff was not retaliated against in violation of Title VII and that her employment was lawfully terminated for legitimate business reasons, and (2) Plaintiff failed to state a claim for relief under Indiana's Wage Claims Statute and, even if she did state a claim, she failed to exhaust her administrative remedies and is now precluded from doing so.  For the following reasons, Defendant's Motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Defendant is an Indiana corporation with its principle place of business in Kokomo, Indiana.  Am. Compl. ¶ 4.  Defendant sells new and used vehicles. Def.'s Br. at 3.  Plaintiff was hired by Defendant in July 2005 to be a salesperson.  Am. Compl. ¶ 11, Def.'s Br. at

3.  At all times during Plaintiff's employment, James Kebrdle was the co-owner of KAW, Greg Landerwelen was KAW's co-owner and dealer manager, Carla Glos was KAW's controller, Michael Kebrdle was the sales manager for Ford and Honda, Kevin Floyd was the sales manager for Toyota, and Valerie Dougherty was KAW's customer relations manager.  Def.'s Br. at 3.

In March 2006, Plaintiff's supervisor, Michael Kebrdle ("Kebrdle") offered Plaintiff money to perform oral sex on him.  Am. Compl ¶ 12.  Later the same day Kebrdle stopped by Plaintiff's office and offered her more money and credit for a car sale in exchange for oral sex.  *Id.* ¶ 13.  Either that same day or the following day, Plaintiff discussed the comments with Kevin Floyd ("Floyd"), a sales manager.  Pl.'s Br. at 6.  In response, Floyd stated that Kebrdle gets away with that kind of conduct regularly.  *Id.*  Plaintiff also discussed Kebrdle's comment with Valerie Dougherty ("Dougherty"), KAW's customer relations manager, who spoke to Kebrdle about "talking to employees that way."  *Id.* Plaintiff did not specifically request either Floyd or Dougherty to take any action against Kebrdle or to investigate the comment any further.  Piel Dep. at 132, 136.  Plaintiff did not report the conduct to KAW's co-owners, James Kebrdle and Greg Landerwelen.  Pl.'s Br.. at 2.

Plaintiff was terminated from her employment by Kebrdle on May 6, 2006.  Piel Dep. at 116.  At that time, Kebrdle's stated reason for Plaintiff's termination was a "personality conflict."  *Id.*  However, KAW's separation notice listed the reason for her discharge as problems with her performance, specifically, it noted a "failure to follow written sales process," and unsatisfactory performance in the areas of quality, productivity, and adherence to policy.  Pl.'s Ex. B.

2

At all times during Plaintiff's employment with KAW, Defendant maintained an Employee Handbook, which detailed its Harassment and Disciplinary Policies. Def.'s Br. at 4-5; Def.'s Ex. E. Upon her employment, Plaintiff signed an acknowledgment form indicating that she had received and reviewed the Employee Handbook. Def.'s Ex. G. Defendant's Employee Handbook established an open communications policy between employees and managers. Def.'s Ex. E. Further, Defendant's Harassment Policy provides that if an employee feels harassed by another employee, she "should at once make [her] feelings known to [her] immediate supervisor or any other appropriate Company official." *Id.* The Handbook does not define "appropriate Company official;" however, if an employee does not feel comfortable talking to her supervisor, she is directed to arrange a conference with a company officer to discuss her complaint. *Id.* According to the Handbook, upon being notified of suspect harassment, the company official will "see that the matter is investigated, and where appropriate, that disciplinary action is taken." *Id.*

Defendant's Disciplinary Policy provides for a progressive system which results in "written warnings or minor disciplinary layoffs prior to termination of employment for violations." *Id.* Under the plan, two written warnings typically precede a disciplinary layoff, but repeated violations may lead to termination. *Id.* Violations that may lead to discipline include performance issues, harassment and failure to complete requirement paper work, among others. *Id.*

At all relevant times during Plaintiff's employment from July 2005 to May 2006, Defendant had a voluntary wage deferral program called the Christmas Bonus Program. Am. Compl. ¶¶ 22, 23. Under the program, Defendant deducted $ 3.00 from the

commission on each vehicle each salesperson sold.  Def.'s Ex. E.  Defendant would then match each three dollar deduction, with $2.00.  *Id.*  This money was compiled and paid to the salesperson as a Christmas Bonus in December of each year.  *Id.*

After her termination, on August 21, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Am. Compl. ¶ 18.  The EEOC issued Plaintiff a Dismissal and Notice of Right to Sue on December 20, 2006.  *Id.* ¶ 19.

## II. <u>SUMMARY JUDGMENT STANDARD</u>

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923 (1991). Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied.*  Once a party has made a properly-supported motion for summary judgment, the opposing party

may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997).  It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies.  *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory.  *Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party.  *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997).  The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment.  Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment.  *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996).  Irrelevant or unnecessary facts do not

deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

## III. DISCUSSION

Defendants seek Summary Judgment on two grounds: (1) that Plaintiff was not retaliated against in violation of Title VII and that she was lawfully terminated for legitimate business reasons and (2) that Plaintiff failed to state a claim under Indiana's Wage Claims Statute.

### A. TITLE VII CLAIM

Plaintiff claims that Defendant illegally retaliated against her, in violation of Title VII, for her complaints of sexual harassment. Title VII makes it unlawful for an employer to retaliate against an employee for various protected activities, including complaints of discrimination and harassment. 42 U.S.C. § 2000e-3(a). A plaintiff can establish retaliation using either the direct method or the indirect, burden shifting method. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). It is the direct method that Plaintiff relies on here.[1] To prove a *prima facie* case through the direct method, a plaintiff must show (1) that she engaged in a statutorily protect activity; (2) that

---

[1] Plaintiff has only attempted to prove retaliation through the direct method and has not invoked the option of using the indirect method. Therefore, the Court will only address whether Plaintiff has sufficiently established her retaliation claim through the direct method to survive summary judgment.

she suffered an adverse employment action; and (3) that there is a causal connection between the protected activity and the adverse employment action. *See id.* (citing *Moser v. Ind. Dep't of Corr.*, 406 F.3d 896, 903 (7th Cir. 2005)). Both direct and circumstantial evidence are permissible. *See id.*; *Witherspoon v. Univ. of Indianapolis*, No. 1:06-cv-1423-LJM-WTL, 2008 WL 1701703, at *16 (S.D. Ind Apr. 29, 2008). "[S]ummary judgment is improper if the plaintiff offers evidence from which an inference of retaliation may be drawn." *Vance v. Qualex*, 94 F. Supp. 2d 957, 964 (N.D. Ind. 2000).

Defendant argues that Plaintiff fails to prove the first element in her *prima facie* case because she did not engage in statutorily protected activity. To have engaged in such activity, Defendant contends, she must have reported Kebrdle's comment to Landerwelen or James Kebrdle, KAW's co-owners. Defendant argues that because she did not do so, she did not properly use KAW's harassment reporting policy noted in the Employee Handbook and, as such, did not engage in statutorily protected activity of complaining of sexual harassment in violation of Title VII. Defendant asserts that her discussions with KAW managers, Floyd and Dougherty do not constitute reporting sexual harassment to management under KAW's policy because she did not specifically request them to take action against Kebrdle or to investigate the comment any further. Plaintiff responds that she satisfied the first element by reporting the comment to Floyd and Dougherty, who were members of management at all relevant times. She asserts that she did not take her comments any further because, based on KAW's policy and the managers response to her complaints, she thought there was no one else to whom she could report the comment and that any further complaints may result in her termination.

"It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity." *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003). To be subject to liability for retaliation, an employer must be aware of the act, such as a complaint of harassment, that it is allegedly retaliating against. *See id.* (dismissing a retaliation claim because the plaintiff did not use the formal channels and complaints were vague and concerned matters other than harassment). Therefore, to satisfy the first element, Plaintiff must have satisfactorily made Defendant aware of her complaint of sexual harassment. Further, the complaint must have indicated that the harassment occurred based on sex, race, national origin, or some other protected class. *See Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 563 (7th Cir. 2007). Based on the plain terms of Defendant's Harassment Policy, it appears that to report alleged harassment, all Plaintiff was required to do was to "make [her] feelings known to [her] immediate supervisor or any other appropriate Company official." Def.'s Ex. E. Upon such action, the policy indicates that the company will then see that the matter is investigated. *See id.* At the time of Kebrdle's comment Plaintiff was a salesperson. She complained of the comment to two managers, one of which was the sales manager and was, presumably, her immediate supervisor. As such, it appears that Plaintiff has provided sufficient evidence to at least present a material issue of fact as to whether her discussions with Floyd and Dougherty were sufficient to constitute engaging in statutorily protected activity of reporting sexual harassment in violation of Title VII.

Defendant also argues that Plaintiff has failed to present an issue of material fact regarding the third element, causation. To prove the third element, Plaintiff must show that

8

Defendant "would not have taken the adverse employment action "but for" her protected activity. *See Moser*, 406 F.3d at 904. Defendant asserts that it terminated Plaintiff for a legitimate business reason, specifically, because of her poor performance in car sales and because she failed to follow company policy of receiving follow-up information from all sales prospects. Defendant contends that it contemplated firing her in December of 2005; however, instead, Defendant decided to give her another chance to improve her sales performance. Defendant contends it fired her when her sales did not improve, noting that at the time of her termination she was $4,300.00 in arrears to the company because of her decline in sales. Defendant presents no employment records or other evidence to support these assertions.

Plaintiff argues that her termination resulted from her complaint of sexual harassment and was in no way contingent on her sales performance. To support this assertion Plaintiff points to the short period of time between her complaint and her retaliation. "Timing alone is insufficient to establish a genuine issue of material fact to support a retaliation claim." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 939 (7th Cir. 2007). Rather, other circumstances that reasonably suggest that the two events are related must show there is a link between the complaint and the adverse employment action. *See Bilow v. Much Shelist Free Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 895 (7th Cir. 2001).

In her deposition, Plaintiff stated that she received the salesperson of the month award in December 2005, the same month that Defendant claims it contemplated firing Plaintiff for her poor performance. Defendant does not dispute that it gave Plaintiff the award. Plaintiff also asserts that Defendant's discipline policy provides for two written

9

warnings prior to being terminated for poor performance. Plaintiff contends, without providing additional evidence, that her record is void of any such warnings. Plaintiff also asserts that Defendant's proffered reason for her termination is suspect because Kebrdle initially noted that the reason for her termination was not performance issues, but rather a personality conflict. Further, upon questioning Landwerlen about the reason for her termination, Plaintiff claims he said he "had no idea [Plaintiff] was being fired and [Kebrdle] did it all on his own." Thus, Plaintiff argues that these assertions in combination, the short time period, and the fact that the manager who fired her was the same man she complained about, make it reasonable to infer that she was fired in retaliation for her complaints about harassment.

With two divergent views of Plaintiff's performance and the lack of documentary evidence regarding her performance, the Court can only conclude that Plaintiff has provided sufficient evidence to raise a genuine issue of fact regarding whether Defendant actually would have terminated Plaintiff but for her complaints against Kebrdle, the man who initiated her termination. Thus, the Court concludes that summary judgment on Plaintiff's Title VII claim should be **DENIED**.

## B. INDIANA WAGE CLAIM STATUTE CLAIM

Defendant asserts that Plaintiff has failed to state a plausible claim under the Indiana Wage Claim Statute. Ind. Code § 22-2-9, *et seq*. The Wage Claim Statute "requires an employer to pay a discharged employee any unpaid wages or compensation to which the employee is entitled." Ind. Code § 22-2-9-4. *See also Firestone v. Standard*

*Mgmt. Corp.*, No. 1:04-cv-1223-DFH-TAB, 2005 WL 1799442, at *1 (S.D. Ind. July 13, 2005). To file suit under the Wage Claim Statute for wages due, a plaintiff must first submit a claim to the Indiana Department of Labor and receive a right to sue letter.   *See* Ind. Code § 22-2-9-4; *Shelton v. Family Dollar Stores of Ind., LP*, No. 1:05-cv-756-JDT-WTL, 2007 WL 1597650, at *10 (S.D. Ind. July 1, 2007) ("Claimants who proceed under the Wage Claims Statute may not file a complaint with the trial court. Rather the wage claim is submitted to the Indiana Department of Labor.  The Commissioner of Labor may refer claims to the Attorney General who may refer claims to any attorney admitted to the practice of law in Indiana.").  It is only after receipt of this right to sue that a plaintiff can pursue a private cause of action regarding her wage claim.  *See id.*

Plaintiff did receive a right to sue letter from the Department of Labor on July 26, 2007, however the letter was received fifteen days after she amended her complaint to include the wage claim.[2]   Therefore, it appears that at the time of filing her wage claim, Plaintiff had not received her right to sue and may not have been entitled to bring the private cause of action.  However, it is not necessary to resolve this issue at this time because, regardless of whether Plaintiff has exhausted her administrative remedies, she has failed to present a genuine issue of material fact sufficient to survive summary judgement.

To present a claim under the Wage Claim Statute, Plaintiff must assert that subsequent to her termination her employer failed to pay her wages earned during her employment. *See* Ind. Code § 22-2-9-2.  Thus, an essential element of a claim under the

---

[2] Plaintiff filed her Amended Complaint on July 11, 2007.

Wage Claim Statute is that the employer is currently withholding a sum of wages that Plaintiff has earned an is entitled to receive.   *See Birch v. Kim*, 977 F. Supp. 926, 932-33 (S.D. Ind. 1997) (granting summary judgment in favor of defendant when evidence show that the employer had paid the plaintiff all wages earned prior to termination); *J Squared, Inc. v. Herndon*, 822 N.E.2d 633, 638 (Ind. Ct. App. 2005) (upholding judgment in favor of plaintiff employee who demonstrated that employer was currently withholding wages earned and due).   Sales commissions are considered wages under the Wage Claim Statute.   *See J Squared, Inc.*, 822 N.E.2d at 637.   Plaintiff's Amended Complaint alleges that, pursuant to its Christmas Bonus program, Defendant has withheld wages that are due and owing Plaintiff.   However, in response to summary judgment, Plaintiff submits no evidence to the Court that she has not been paid her withheld wages or that quantifies the amount due and owing.   In opposing this motion for summary judgment it is  Plaintiff's duty to submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

In support of her brief in opposition to summary judgment, Plaintiff appears to change her wage claim.  Instead of offering evidence of wages that continue to be withheld by Defendant, Plaintiff asserts that her wage claim is actually challenging Defendant's wage deferral program itself.   The permissibility of Defendants's program is neither governed by the Wage Claim Statute nor is it mentioned in Plaintiff's Amended Complaint. "[P]laintiff may not amend [her] complaint through argument in [her] brief in opposition to a motion for summary judgment."  *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). As such, because Plaintiff has failed to present evidence of an essential element of her wage claim, that Defendant is currently withholding wages that are due and owing, Plaintiff has

12

failed to meet her burden.  *See Ortiz*, 94 F.3d at 1124 (7th Cir. 1996).  Therefore, the Court concludes that Plaintiff has failed to present an issue of material fact, and summary judgment on her wage claim should be **GRANTED**.

## IV. <u>CONCLUSION</u>

For the reasons state herein Defendant's, Kokomo Auto World, Inc., Motion for Summary Judgment is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 14th day of November, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Nathan D. Foushee
INDY LAW GROUP
Nate@IndyLawGroup.com

Stephen D. LePage
HARRISON & MOBERLY
slepage@h-mlaw.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com